**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

MAY 1 8 2016

| | | |
|---|---|---|
| ULISES GUTIERREZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-872-O |
| | ) | |
| DEBBIE HARRIS, 203rd Court Reporter, | ) | |
| Defendant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

### I.

Plaintiff is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Debbie Harris, court reporter for the 203rd District Court in Dallas County, Texas. No process has issued pending preliminary screening.

Plaintiff states he needs his trial transcripts to challenge his state court conviction. He seeks an order for Defendant to provide him with the transcripts. He also seeks money damages.

### II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

III.

Petitioner seeks an order requiring Defendant to provide him with his trial transcripts. Federal courts, however, lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties). Plaintiff's claim for mandamus relief should therefore be dismissed.

To the extent that Plaintiff seeks money damages, he has failed to establish a violation of his constitutional or federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988) (stating that to obtain relief under § 1983, a plaintiff must prove a deprivation of his constitutional or federal rights). Plaintiff's complaint should therefore be dismissed.

IV.

For the foregoing reasons, the Court recommends that the petition be dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Signed this 18 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).