IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULISES GUTIERREZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § | Civil Action No. 3:16-cv-00872-O |
| DEBBIE HARRIS, 203rd Court Reporter, | § § § | |
| | § | |
| Defendant. | § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, Recommendation ("FCR"), May 18, 2015, ECF No. 7. Plaintiff filed an Objection. *See* Pl.'s Obj., ECF No. 8.

Plaintiff Gutierrez ("Gutierrez") is currently incarcerated in the Texas Department of Criminal Justice—Correctional Institutions Division. *See* Pl.'s Compl. 3, ECF No. 3. Defendant Debbie Harris ("Harris") is a court reporter for the 203 District Court in Dallas County, Texas. *See id.* Gutierrez filed the present action, stating he "is in need of his discovery materials," namely, "trial transcripts," in order to challenge his state court conviction. *Id*. at 4. He seeks an order for "[a]ccess to the relevant portions of his trial transcripts" at no cost, as well as "compensation for his right[]s being violated." *Id*.

The Magistrate Judge reasoned that federal courts lack the general power to issue writs of mandamus to direct judicial officers in the performance of their duties, where mandamus is the only relief sought. FCR 2, ECF No. 7. Furthermore, the Magistrate Judge concluded, "To the extent that

Plaintiff seeks money damages, he has failed to establish a violation of his constitutional or federal rights." *Id*. at 3. In his Objections, Gutierrez contends:

> The Equal [P]rotection and Due Process command that a prisoner who seek's [sic] to mount a [s]tate or [f]ederal [c]ollateral attack on his conviction is 'entitled' to relevant portions of his trial [t]ranscripts whenever he alleges a defect in his conviction of constitutional dimension and can identify with particularity those relevant portions of his transcripts which he 'needs' to prosecute and prove his claims.

Pl.'s Obj. 2, ECF No. 8.

As to Gutierrez's claim seeking the transcripts be provided, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (quoting *Moye v. Clerk, Dekalb Cty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also Bradden v. State of Tex.*, No. 3:06-CV-0925-L (BH), 2006 WL 2088185, at *1 (N.D. Tex. July 27, 2006) (Lindsay, J.). Therefore, Gutierrez's Objections are **OVERRULED** as to his mandamus claim.

Construing Gutierrez's Petition liberally, Gutierrez appears to allege that Harris's only wrongful conduct is failing to provide a transcript. To the extent he seeks damages against Harris for an alleged constitutional violation, an indigent state prisoner "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Colbert v. Beto,* 439 F.2d 1130, 1131 (5th Cir. 1971) (citing *Bennett v. United States*, 437 F.2d 1210 (5th Cir. 1971); *Skinner v. United States*, 434 F.2d 1036 (5th Cir. 1970)). Therefore, Gutierrez does not sufficiently allege that Harris violated

his constitutional rights. Gutierrez's Objections are also **OVERRULED** as to his constitutional claim.

As outlined above, the District Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which Gutierrez objected, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Furthermore, Plaintiff's Original Petition is **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(a) and (e)(2)B.

**SO ORDERED** on this **13th day** of **June, 2016.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**